# EXHIBIT A

Case 1:09-cv-12194-RGS   Document 1-2   Filed 12/24/09   Page 2 of 11

(Page 1 of 7 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

# Commonwealth of Massachusetts
# District Courts of Massachusetts

## CAMBRIDGE DIVISION

40 Thorndike Street
Cambridge, Mass. 02141
Tel. #494-4310

Atención—Este as una notificacion oficial de la Corte. Si Ud no sabe leer inglés, obtenga traducción.

Atencao—Este é um aviso oficial do Tribunal. So voca nao sabe ler ingles, obtenha traducao.

Middlesex, ss

Civil Action No. **0952cv119**

## SUMMONS
(Rule 4)

To defendant **Citibank, N.A.** of **P.O. Box 6500 Sioux Falls, SD 57117**
            (name)                                   (address)

You are hereby summoned and required to serve upon **Paul A. Gargano**, plaintiff('s attorney), whose address is **4 Canal Park, Cambridge, MA 02141**, a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS **ROANNE SRAGOW**, Presiding Justice, on _____
                                                           (date)

(SEAL)

_____
CLERK/MAGISTRATE

Note: (1) When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

(2) The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons before it is served.

### RETURN OF SERVICE

On _____ I served a copy of the within summons, together with a copy of the
      (date of service)

complaint in this action, upon the within named defendant, in the following manner (see Rule 4(d) (1-5)):

_____
(signature)

_____
(name and title)

_____
(address)

Note: (1) The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process. Rule 4(f).

(2) Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the person requesting service or his attorney.

(3) If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent (G.L. c. 223, sec. 31).

2410-1  3000/3-99  This form prescribed by the Chief Justice of the District Courts

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS                           CAMBRIDGE DISTRICT COURT
                                        DOCKET NO.: 0952CV119

PAUL A. GARGANO and
SHEILA K. GARGANO
    Plaintiffs,

v.

CITIBANK NORTH AMERICA
    Defendant.

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### PARTIES

1. The Plaintiffs, Paul A. Gargano and Sheila K. Gargano, maintains a principal residence at the Esplanade in Cambridge, Massachusetts.

2. The Defendant, Citibank, is located at P. O. Box 6500 Sioux Falls, SD 57117.

### FACTS

3. On or about August 27, 2007, National Floors Direct, a Massachusetts based flooring contractor, entered into an agreement with the Plaintiffs to remove and replace flooring in their home on the Esplanade.

4. National Floors failed to complete the work pursuant to the agreement, caused damage to Plaintiffs' property, installed nonconforming flooring, and otherwise utterly failed to perform the work as agreed.

1

Case 1:09-cv-12194-RGS   Document 1-2   Filed 12/24/09   Page 4 of 11

(Page 3 of 7 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

5. After discovering National Floors' failures, the Plaintiffs contacted Citibank and put an immediate stop payment order on any and all charges related to National Floors.

6. Through its personal customer service representative, Citibank advised Plaintiff that National Floors had not yet presented the charge for collection and the account would be frozen and Plaintiffs should send a written note of this verbal communication.

7. Over the next month or so, Plaintiffs provided Citibank with information regarding the disputed charge and an analysis of the physical damages written by a licensed general contractor and outside adjuster.

8. On December 5, 2007, some two months later, Citibank sent the Plaintiffs a letter containing National Floors rebuttal of Plaintiffs' claims.

9. On December 17, 2007 Plaintiffs' counsel sent a letter to Citibank responding to National Floors rebuttal letter and informing Citibank that National Floors had made no offer or attempt to resolve the unworkmanlike installation and the residual physical damage caused by the installation.

10. On December 22, 23007 Citibank sent a letter to Plaintiff stating that they had failed to resolve the dispute with National Floors and had paid the charges as their obligation was to the merchant and not the cardholder.

11. Plaintiffs informed Citibank that the agreement with National Floors was dependent upon completion and complete customer satisfaction and that neither had been met, nor had there been a full delivery of all material Plaintiffs had been advised was to be used.

12. Plaintiffs further informed Citibank that its obligation was to the Plaintiff-cardholder.

13. Citibank proceeded to pay the merchant, National Floors against the will of the Plaintiff.

14. This was done wrongfully, willfully, and in breach of Citibank's fiduciary duty to the Plaintiffs.

15. Citibank's failure to act in accordance with Plaintiff-carhdolder's contractual rights, aided and abetted the merchant in its larcenous activity and facilitated its consumer fraud.

16. Defendant, Citibank charged Plaintiff a $600 penalty along with interest charges.

17. By the constituted agreement between the Plaintiff-cardholders and Citibank, defendant, Citibank was never empowered to act in judgment

## COUNT I
### Breach of Contract

18. The Plaintiffs incorporate the allegations set forth in paragraphs 1-17 as if specifically set forth herein.

19. The plaintiff and the defendant, Citibank, entered into a binding contract when Plaintiff agreed to the terms and conditions of Citibank's credit card offer.

20. This agreement included the obligation, on the part of Citibank, to stop payment of any disputed charges at the plaintiff's request, pending investigation of the dispute.

21. Defendant, Citibank, failed to stop payment in a timely manner.

22. Citibank charged plaintiff additional fees arising out of its failure to stop payment.

23. Citibank's actions constitute breach of contract.

24. As a result of Citibank's breach, the plaintiff has suffered actual and consequential damages.

## COUNT II
### Interference with Judicial proceedings

25. The Plaintiffs incorporates the allegations set forth in paragraphs 1-24 as if specifically set forth herein.

26. The defendant, Citibank, was made aware of the litigation pending between plaintiff and National Floors.

27. The defendant was also made aware of the preliminary injunction sought by plaintiff to prevent the defendant from remitting payment to National Floors.

28. The defendant, Citibank, remitted payment to National Floors despite Defendant's knowledge of the pending hearing on a preliminary injunction.

29. As a result of the defendant's interference, the plaintiff has suffered actual and consequential damages.

## COUNT III
### Tortious Interference with Contract

30. The plaintiff incorporates the allegations set forth in paragraphs 1-29 as if specifically set forth herein.

31. The plaintiff had a contractual relationship with National Floors

32. The defendant, Citibank, was made aware of the litigation pending between plaintiff and National Floors, including the existence of a contractual relationship between said parties.

33. Citibank was also made aware of the preliminary injunction sought by the plaintiff to prevent Citibank from remitting payment to National Floors.

34. Plaintiff remitted payment to National Floors despite its knowledge of the contractual dispute between the plaintiff and National Floors as well as its knowledge of the pending hearing on a preliminary injunction.

35. The defendant's actions improperly interfered with the contractual relations of the plaintiff and National Floors.

36. As a result of the Defendant's interference, the plaintiff has suffered actual and consequential damages.

## COUNT IV
### Violation of M.G.L. c. 93A

37. The plaintiff incorporates the allegations set forth in paragraphs 1-32 as if specifically set forth herein.

38. The plaintiff had a business relationship with Citibank.

39. Citibank was informed that Plaintiff wished to cancel the charges for flooring.

40. Citibank deliberately failed to process the stop payment order.

41. Citibank's failure to stop payment was an unfair and/or deceptive act or practice.

42. Citibank acted knowingly and willfully when it declined to stop payment in a timely manner.


WHEREFORE the Plaintiffs, Paul and Sheila Gargano, demand judgment against the Defendant, Citibank, for monetary damages and any further relief this court deems just.

## TRIAL BY JURY IS HEREBY DEMANDED ON ALL COUNTS

Respectfully submitted
Plaintiff, by her attorneys,
Gargano & Associates

Paul A. Gargano BBO#185560
David K Stevenson, BBO#670913
GARGANO & ASSOCIATES
Four Canal Park
Cambridge, MA 02141
(617) 621-1100

Dated: February 6, 2009

# EXHIBIT B

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                        CAMBRIDGE DISTRICT COURT
                                                      DOCKET NO. 0952CV119

PAUL A. GARGANO and SHEILA K. GARGANO,
                         Plaintiffs,

v.

CITIBANK NORTH AMERICA,
                         Defendant.

## PLAINTIFFS, PAUL A. GARGANO AND SHEILA K. GARGANO'S, MOTION FOR SUMMARY JUDGMENT

NOW come the Plaintiffs, Paul and Sheila Gargano, and respectfully move that this honorable Court enter summery judgment in their favor, pursuant to Rule 56 of the Massachusetts Rules of Civil Procedure. As grounds therefore, Plaintiffs state that based on the undisputed facts, Defendant breached the terms of its cardmember agreement and violated various federal and state laws and regulations including 15 U.S.C. § 1602(o); 15 U.S.C. § 1666(i); M.G.L. c. 140D, § 1; Regulation Z, 12 C.F.R. § 226.12(b)(1) fn. 22; 209 CMR § 33.12(2)(a) fn. 22. As further grounds, plaintiffs refer to their memorandum of law in support therof.

WHEREFORE, Plaintiffs respectfully request that this honorable Court grant this motion for summary judgment and assess damages in the amount of $24,871 as well as double or treble damages, interest costs and attorneys fees pursuant to G.L. c. 93A against the defendant, Citibank.

Respectfully Submitted
By their attorneys,

*[signature]*

Paul A. Gargano
BBO# 185560
Aline Z. Martinian, Esq
BBO# 641590
Gargano & Associates
4 Canal Park
Cambridge, MA 02141
617-621-1100

Date: December 9, 2009